# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KEVIN LARSON**, on behalf of himself and all other similarly situated persons, | ) )  CASE NO. ) |
| Plaintiff, | ) )  JUDGE ) |
| v. | )  **COLLECTIVE AND CLASS ACTION** )  **COMPLAINT** |
| **THE SCOTTS COMPANY LLC**, | ) )  **JURY DEMAND ENDORSED HEREON** ) |
| Defendant. | ) ) |

Plaintiff Kevin Larson ("Plaintiff") files this Complaint against Defendant The Scotts Company LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"); and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111 *et seq*. ("OMFWSA"). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA and OMFWSA.

2. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the "Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like him who worked for Defendant in Ohio and suffered the same harms described below.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. At all times relevant, Plaintiff has been a citizen of the United States and employed by Defendant within this district and division. Plaintiff's written consent to join is attached as **Exhibit A**.

8. Defendant The Scotts Company LLC is a for-profit Ohio limited liability company with its principle place of business located in Marysville, Ohio (Union County). Defendant can be served through its registered agent: CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA and OMFWSA.

10. At all relevant times, Plaintiff and those similarly situated were "employees" of Defendant within the meaning of the FLSA and OMFWSA.

11. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

12. Defendant operates a production facility in Marysville, Ohio, where it manufactures lawn fertilizer and other similar products.

13. Production employees at Defendant's facility typically work in production, packaging, or maintenance. Plaintiff was first hired by Defendant on or about January 3, 2018, and was an electrician in maintenance. He remained in maintenance until his separation from the company on or about May 26, 2020.

14. Defendant's production employees are paid on an hourly basis, and are classified by Defendant as "non-exempt" under the FLSA and OMFWSA.

15. Defendant requires its production employees to clock in and clock out on a timekeeping system. However, Defendant's production employees are not paid based on the times they clock into and out of the timekeeping system. Rather, they record their scheduled shift in a written log, which Defendant uses to calculate each employee's pay.

16. Defendant requires its production employees to clock in approximately 10 minutes prior to the start of their shift to attend a "turnover meeting," during which the employees are briefed on what happened during the previous shift, and are given any information they need to know prior to the start of their shift.

17. Defendant's production employees are also frequently required to stay for a few minutes past the end of their shift to talk to the person who is relieving them for duty, so that they can discuss any information about the specific task on which they were working.

18. For example, if Plaintiff was working on a project and had not completed it by the time that his shift ended, he would have to stay after the end of his shift to talk to the person who

was going to be completing the project to discuss his progress and pass along any information the relieving employee would need to know.

19. Despite the fact that Plaintiff and other similarly situated production employees perform compensable work prior to and sometimes after the end of their shift, Plaintiff and other similarly situated production employees are instructed to write in the log that they only worked their scheduled shift each day, which is what Defendant uses to determine how many hours employees worked in a workweek.

20. Plaintiff and other similarly situated production employees are typically scheduled to work at least 40 hours per week, not including uncompensated pre- and post-shift work.

21. Even though Defendant can and does track the actual times that Plaintiff and other similarly situated production employees perform uncompensated work, Defendant maintains an unlawful "pay-to-shift" policy and practice, in which Plaintiff and other similarly situated production employees are not compensated for pre- and post-shift work.

22. As a result of Defendant's unlawful "pay-to-shift" policy and practice, Plaintiff and other similarly situated production employees not being paid at one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of the FLSA and OMFWSA.

23. Defendants willfully violated the FLSA and OMFWSA by failing to pay Plaintiff and those similarly situated all overtime compensation earned as described herein.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former full-time hourly production employees employed by Defendant during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective")**.

26. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly production employees of Defendants, and all were subjected to and injured by Defendant's unlawful practice of failing to pay them at one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

27. The FLSA Collective Members have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

28. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

29. Plaintiff cannot yet state the exact number of similarly situated persons but estimates there are in excess of 250 such similarly situated employees during the relevant time period. Such persons are readily identifiable through the payroll records that Defendant is presumed to have maintained and was required to maintain pursuant to the FLSA and Ohio law.

30. To the extent Defendants failed to keep records as required by law, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

31. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and the following class:

> **All present and former full-time hourly production employees employed by Defendant during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Class")**.

32. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class, which will be in Defendants' records if kept, but estimates that it is in excess of 250 individuals within the relevant time period.

33. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay them for all hours worked, as well as whether such underpayment of overtime wages remain unpaid.

34. Plaintiff will adequately protect the interests of the Ohio Class Members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class Members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

35. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common to each class member and predominate over any questions affecting only individual class members.

36. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

39. Defendant was covered by the FLSA and the FLSA Collective Members were not exempt from the protections of the FLSA.

40. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principle activity and ending with their last principle activity of the workday.

41. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

42. Defendant had a companywide policy of not paying the FLSA Collective Members for pre-shift and post-shift compensable work, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

43. Defendant knew or should have known that its conduct described herein violated the law. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

44. As a result of Defendant's violations of the FLSA, Plaintiff and those similarly situated were injured in that they did not receive all overtime compensation due to them. Section 16(b) of the FLSA entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 16(b) of the FLSA further provides that

7

"[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

45. As a result of Defendant's practices, Plaintiff and the FLSA Collective Members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (OMFWSA Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Defendant is an "employer" covered by the overtime requirements set forth in the OMFWSA.

48. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principle activity and ending with their last principle activity of the workday.

49. The OMFWSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

50. Defendant had a companywide policy of not paying the Ohio Class Members for pre-shift and post-shift compensable work, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

51. Plaintiff and the Ohio Class Members are not exempt under the Ohio Wage Laws.

52. As a result of Defendants' practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the OMFWSA.

53.     Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred, in addition to any damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B.  Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

C.  Award Plaintiff, and the collective and class he represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D.  Award Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

E.  Award Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements; and

F.  Award Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

        Respectfully submitted,

        **NILGES DRAHER LLC**

        */s/ Jeffrey J. Moyle*
        Jeffrey J. Moyle (0084854)
        614 West Superior Ave, Ste. 1148
        Cleveland, OH 44113
        Telephone:   (330) 470-4428
        Facsimile:    (330) 754-1430
        Email: jmoyle@ohlaborlaw.com

        Hans A. Nilges (0076017)
        Shannon M. Draher (0074304)
        7266 Portage Street, N.W., Suite D
        Massillon, OH 44646
        Telephone:   (330) 470-4428
        Facsimile:    (330) 754-1430
        Email: hans@ohlaborlaw.com
               sdraher@ohlaborlaw.com

        *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

        */s/ Jeffrey J. Moyle*
        Counsel for Plaintiff